J. T. HARRIS ET AL. v. C. H. MARTIN, ADMINISTRATOR, ET AL.

(Filed 1 April, 1909.)

1. Pleadings—Evidence—Wills—Testator—Identification.

The propounders of a will are not required to prove the identity of the one who signed the will as the testatrix, when the allegations are that the signature of the testatrix was obtained by duress, undue influence, etc., and that she did not have sufficient mental capacity, and there is no allegation that she did not sign the will.

2. Wills—Evidence—Testator—Identification.

Testimony of an attorney and witness to a will that they were sent for and introduced to a person, whom they had not met before, and who answered to the name of the testatrix, and that the will was drafted and executed by such person as the testatrix named in the will, is *prima facie* evidence that the person signed was the executrix named, and sufficient to take the case to the jury.

ACTION tried before *Neal, J.,* and a jury, at October Term, 1908, of WAKE, involving the validity of a will.

Caveators appealed.

*Aycock & Winston, R. N. Simms* and *J. N. Holding* for plaintiffs.

*Armistead Jones & Son* and *Pou & Brooks* for defendants.

CLARK, C. J.   This is a *caveat* of the will of Sarah C. Harris. The complaint alleges that said paper writing "was not and is not the last will and testament of the said Sarah C. Harris, deceased, for the reason that the signature of the said Sarah C. Harris thereto was obtained by undue and improper influence and duress upon the said Sarah C. Harris," and as a further ground alleges that "at the time of the execution thereof and continuously thereafter until her death, the said Sarah C. Harris did not have the capacity to make and execute a will, for the reason that she was not of a sound and disposing mind and memory at and during said time."

W. H. Ruffin, Esq., attorney at law, of Louisburg, testified that he received a message from Mrs. Jennie Martin, who resided in the same town, that her sister, Miss Harris, wished him to

come to her (Mrs. Martin's) house to draw Miss Harris' will; that he went and was introduced by Mrs. Martin to Miss Harris as her sister; that Mrs. Martin then stated to witness that this was her sister, who wanted her will drawn, and Mrs. Martin stated what the terms of the will were; that the witness took notes, then turned to Miss Harris, read the notes to her and asked her was that the way she wished the will drawn, and that she replied "Yes"; that the witness went off and drew the will, and returned, bringing, as requested, Dr. O. L. Ellis as a witness; that Miss Harris and Mrs. Martin came into the room and witness read the will to Miss Harris and asked her if that was the way she wished her will drawn, and she said "Yes," and requested him and Dr. Ellis to witness it; that she then signed the will in their presence, and they signed it in her presence. On cross-examination witness said he met Miss Harris only on those two occasions and knew her only by the introduction above stated, and that she seemed physically and mentally capable of making a will.

Dr. Ellis, a practicing physician, testified that he accompanied Mr. Ruffin on this last occasion and was introduced to Miss Harris, whom he had never met before and knew only by this introduction; that Mr. Ruffin read the will over to her, and she said that was her will; that she signed it in the presence of Mr. Ruffin and himself, and they signed it as witnesses in her presence; that he was asked to sign by Mr. Ruffin in her presence.

The caveators introduced no testimony. The jury found that the paper writing was the last will and testament of Sarah C. Harris.

The caveators contend that the court should have instructed the jury, as requested, that there was not sufficient evidence to answer the issue "Yes," and that they should answer it "No." There was no evidence whatever tending to show, as the caveators contend, that another person had fraudulently and falsely impersonated Miss Harris. There was no allegation of that nature in the complaint. On the contrary, it was averred that "the signature of Sarah C. Harris thereto was procured by undue influence and duress," and that "at the time of execution" of said will "the said Sarah C. Harris did not have the capacity to make and execute a will." Upon the averments in the com-

plaint, there was nothing that required the respondents to put in evidence an identity that was not questioned, and which, indeed, was admitted by the pleadings. Indeed, when the propounders rested, after putting in evidence the formal execution of the will, it must have been a distinct surprise to raise the question of identity of the testator without any allegation in the complaint.

The testatrix announced herself as Miss Sarah C. Harris, not only by accepting the introduction, but by signing herself by that name. Where a cartman took goods to the house of L., not knowing the owner, asked a person he found there for Mr. L., and the person said "I am Mr. L.," it was held by *Lord Lyndhurst* that this was *prima facie* evidence of the identity of Mr. L. *Wilton v. Edwards,* 6 Car. and P., 677; Harris Identification, secs. 75, 99, 115. When one is asked who he is, his reply that he is S. is some evidence of that fact. *Reynolds v. Staines,* 2 C. and K., 745. Where, at an auction, a person was addressed by several as "R." and his name was so written upon the board, *Wilde, C. J.;* held that this was *prima facie* evidence that such was his name. *Collier v. Nokes,* 2 C. and K., 1012.

The facts in evidence were sufficient to submit the case to the jury upon the identity of the testator, and, there being no evidence to the contrary, it satisfied the jury. It would have been easy for the caveators, the nearest relatives of the deceased, to have shown from the description of her person, from her handwriting, by their knowledge of her whereabouts at that time, and other circumstances, whatever reason, if any there was, to throw doubt upon the identity of the testator. The transaction took place in the usual manner, the witnesses were two gentlemen of standing in their respective professions, and there is nothing whatever in the attendant circumstances to cast a doubt upon the *bona fides* of the transaction.

Strangers must frequently execute wills when no better known to the witnesses than the testator was in this case. Had the question of the identity of testator been raised by the pleadings, doubtless the proof would have been complete, but as it was there was a *primâ facie* case and no evidence to the contrary. The other exceptions require no discussion.

No Error.